

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00411-CR

MORRIS LANDON JOHNSON, II                                              APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR12645

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant Morris Landon Johnson, II guilty of delivery of one gram or more but less than four grams of methamphetamine; Johnson pleaded true to an enhancement allegation and the jury assessed his punishment at forty years' confinement and a $5,000 fine. The trial court sentenced him accordingly.

---

[1]See Tex. R. App. P. 47.4.

*See* Tex. Health & Safety Code Ann. § 481.112(a), (c) (West 2010); Tex. Penal Code Ann. § 12.42(b) (West Supp. 2014). Johnson timely perfected this appeal.

Johnson's appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are, in counsel's assessment, no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Johnson of his motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate Johnson's review of the appellate record by providing him with a copy of the clerk's record and the reporter's record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Johnson filed a pro se response to counsel's *Anders* brief raising five points, many of which are unpreserved for our review. *See* Tex. R. App. P. 33.1.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Johnson's pro se response. We agree with counsel that this appeal is wholly frivolous and without merit; we find no preserved error in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 18, 2015

3